IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MOLLY M. WARREN,

    Plaintiff,

      v.

WAL-MART STORES, INC.
doing business as
Wal-Mart Store #0615, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:15-CV-1310-TWT

## OPINION AND ORDER

    This is a personal injury action. It is before the Court on the Plaintiff's Motion to Remand to State Court [Doc. 8]. The Plaintiff moves to remand this case to state court because the complete diversity requirement is not met. Specifically, one of the Defendants, Jeremy Lightsey, is a Georgia resident. The Plaintiff is also a Georgia resident. The statute governing diversity jurisdiction, 28 U.S.C. § 1332(a), requires that each plaintiff's citizenship be diverse from each defendant's citizenship.[1] The Defendants argue that Mr. Lightsey was fraudulently joined, however, and therefore that his citizenship should be disregarded when analyzing diversity. The Eleventh

---

[1]    <u>Caterpillar, Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996).

Circuit has held that a defendant is fraudulently joined when named solely for the purpose of defeating federal diversity jurisdiction.[2] When a non-diverse defendant is fraudulently joined, courts may disregard that defendant's citizenship when determining whether diversity jurisdiction exists.[3] A defendant can prove fraudulent joinder by showing either that the plaintiff cannot possibly establish a cause of action against the non-diverse defendant or that the plaintiff plead fraudulent facts.[4]

Here, there is no allegation that the Plaintiff fraudulently pleaded facts. Instead, the Defendants allege that it is impossible for the Plaintiff to establish a cause of action against Mr. Lightsey. While the Plaintiff initially only mentioned Mr. Lightsey in the caption of its complaint, she has since filed an amended complaint including allegations against Mr. Lightsey.[5] Additionally, the Plaintiff presented evidence that the first complaint she filed was a draft accidentally filed instead of the full version.[6] The Plaintiff amended its complaint after the Defendants moved to dismiss, as is allowed. Additionally, the Plaintiff offers evidence of diligent attempts to serve Mr.

---

[2]   Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).

[3]   Id.

[4]   Id.

[5]   Am. Compl. ¶¶ 4, 10, 22-23, 25, 28-29.

[6]   Maiero Aff. ¶¶ 4-5.

Lightsey. It is therefore not impossible for the Plaintiff to make out a case against Mr. Lightsey, the non-diverse defendant.[7] The Plaintiff's motion to remand [Doc. 8] is GRANTED because this Court lacks subject matter jurisdiction over this matter.

SO ORDERED, this 23 day of October, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[7]     Pl.'s Reply to Defs.' Resp. to Motion to Remand, at Exs. A-C.